**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Robert D. Lemke,**<br>Petitioner<br>-vs-<br>**Charles L. Ryan, et al.,**<br>Respondents | CV-09-1059-PHX-DGC (JRI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2254** |

**I. MATTER UNDER CONSIDERATION**

Petitioner, presently incarcerated in the Arizona State Prison Complex at Buckeye, Arizona, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 18, 2009 (Doc. 1). On October 5, 2009 Respondents filed their Response (Doc.13, 14, and 15). Petitioner filed a Reply on November 19, 2009 (Doc. 19).

The Petitioner's Petition is now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

**II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND**

**A. FACTUAL BACKGROUND**

On August 9, 2002, Petitioner and co-defendant Brandi Hungerford conspired to rob a watch salesman at a hotel in Tempe, Arizona. During the robbery, the victim was shot once in the chest, and died at the scene. Eventually, Petitioner was indicted on charges of first degree felony murder, armed robbery, and conspiracy to commit armed robbery. (Exhibit ZZ, Mem. Dec. 5/22/07 at 2-5; Exhibit A, Indictment.) (Exhibits to the Answer, Doc. 13, are

referenced herein as "Exhibit ___.")

**B. PROCEEDINGS AT TRIAL**

The prosecution filed allegations that Petitioner had four prior felony convictions, and had committed the charged offenses while on release, and that the offense was aggravated for a variety of reasons. (Exhibit A, Allegations.) The prosecution also filed a Notice of Intention to Seek the Death Penalty (Exhibit B).

Prior to trial, as part of an agreement to testify against Petitioner, co-defendant Hungerford pled guilty to second degree murder, conspiracy to commit armed robbery and armed robbery. (*Id.*)

The jury convicted Petitioner on the lesser included offense of theft and conspiracy to commit theft, but declared a mistrial on the murder count because the jury was unable to reach a verdict. (Exhibit Z, R.T. 9/16/05; Exhibit XXX Verdicts.)

Petitioner waived his right to have the jury find aggravating factors. (Exhibit AA, Waiver; Exhibit BB, R.T. 9/19/05.) On October 14, 2005, Petitioner was sentenced on the theft and conspiracy convictions to consecutive, aggravated sentences of 27 and 25 years in prison. (Exhibit CC, R.T. 10/14/05; Exhibit DD, Sentence.)

On February 13, 2006, Petitioner then filed a motion to dismiss the murder charge, arguing that retrial would violate, *inter alia*, his rights under the Double Jeopardy Clause of the United States Constitution, because he had been implicitly acquitted of armed robbery (via his conviction of the lesser included offenses), and that only the armed robbery qualified as a predicate offense for the felony murder charge.[1] (Exhibit FF) The motion was denied. (Exhibit MM, M.E. 4/5/06.)

The court then granted Petitioner's motion to stay trial pending a special action challenging the double jeopardy issue. (Exhibit MM, M.E. 4/19/06.)

---

[1] Petitioner identifies this as his first post conviction relief proceeding. (Petition, Doc. 1 at 4.)

## C. PROCEEDINGS ON SPECIAL ACTION

Petitioner filed a Petition for Special Action with the Arizona Court of Appeals, again challenging the trial court's denial of his motion to dismiss the murder charge on double jeopardy grounds.[2] (Exhibit NN.) The petition was denied, the Arizona court rejecting Petitioner's double jeopardy claims by making the following determinations:

1. For purposes of claims preclusion, Petitioner was impliedly acquitted of armed robbery.[3] (Exhibit SS, Spec. Act. Dec. at 10.)

2. For double jeopardy purposes, the "felony murder (based on an armed robbery predicate) is the same offense as armed robbery." (*Id.* at 13.)

3. His jeopardy on the felony murder count did not terminate because his prosecution was continuing following the hung jury on that count, and the jury could have rendered inconsistent verdicts. (*Id.* at 16.)

4. The conviction on the lesser included offense of theft was insufficient, for purposes of collateral estoppel (or issue preclusion), to establish an acquittal for armed robbery. (*Id.* at 18-19.)

Petitioner sought review by the Arizona Supreme Court (Exhibit TT, Pet. Rev.), which was summarily denied (Exhibit VV, Order 1/9/07).

## D. PROCEEDINGS ON DIRECT APPEAL OF THEFT CHARGES

On October 27, 2005, while proceedings on the murder charge were continuing,

---

[2] Petitioner identifies this petition for review as his second petition for post conviction relief. (Petition, Doc. 1 at 4.)

[3] Prior to making the assumption of an implied acquittal in order to avoid constitutional concerns, the Arizona court reasoned that: (a) the conviction on the lesser included offense did not imply acquittal on armed robbery because the jury instructions given permitted such a conviction without a decision on the armed robbery (Exhibit SS, Spec. Act. Dec. at 10); and (b) the hung decision on the felony murder charge, as opposed to an acquittal, implied that there had been no acquittal on the armed robbery. (*Id.*) The first analysis ignores the reasoning in *Green* that the implication of an acquittal is not necessary to finding a termination of jeopardy. The second is contrary to the holding of *Yeager* specifically precluding conjecture about the meaning of hung counts.

Petitioner filed a Notice of Appeal (Exhibit EE) challenging his convictions and sentences on the theft and conspiracy counts. Counsel filed a brief (Exhibit QQ) pursuant to *Anders v. California*, 386 U.S. 738 (1967), *etc.*, denying ability to find an appealable issue. Petitioner was granted leave to file a supplemental brief *in propria persona*, but he failed to do so. On May 22, 2007, Arizona Court of Appeals affirmed the convictions and sentences on the theft and conspiracy charges. (Exhibit ZZ, Mem. Dec.)

### E.  GUILTY PLEA ON MURDER CHARGE

In April, 2007, after conclusion of the special action proceedings, the prosecution moved to dismiss their notice of intent to seek the death penalty. (Exhibit WW.) Petitioner entered into a written Plea Agreement (Exhibit DDD), whereby he agreed to plead guilty to first degree murder in exchange for a concurrent sentence to life with the possibility of parole after 25 years. The plea was accepted. (Exhibit EEE, R.T. 9/5/07; Exhibit FFF, R.T. 9/5/07.)

On October 5, 2007, Petitioner was sentenced to a concurrent life sentence. No limitation on parole was included. (Exhibit GGG, R.T. 10/5/07; Exhibit HHH, Sentence.)

### F.  PROCEEDINGS ON POST-CONVICTION RELIEF

On August 20, 2007, Petitioner filed a Notice of Post-Conviction Relief (Exhibit CCC), challenging his theft and conspiracy convictions. On October 19, 2007, Petitioner filed a Notice of Post-Conviction Relief (Exhibit III),[4] challenging his murder conviction. The proceedings were consolidated, and counsel was appointed. (Exhibit JJJ, M.E. 11/7/7.)[5]

On January 11, 2008, Petitioner's PCR counsel filed a notice evidencing inability to find an issue for review. (Exhibit KKK.) Counsel was ordered to remain in an advisory

---

[4] Petitioner identifies this as his third post conviction relief proceeding. (Petition, Doc. 1 at 5.)

[5] Respondents note that the record includes various filings (Exhibits XX, YY and AAA) which relate to Petitioner's PCR proceedings in another case, Maricopa Co. Case Number CR 2003-014776-001, and were apparently misfiled in the case which is the subject of this habeas petition. (Answer, Doc. 13 at 12 n. 6.)

- 4 -

1  capacity, and Petitioner was granted leave to file a *pro se* petition.  (Exhibit LLL, M.E.
2  1/15/08.)
3        On March 5, 2008, Petitioner filed his *"Pro Per* Petition" (Exhibit MMM), arguing:
4  (1) that he was denied his right to a jury on aggravating factors; (2) the reasonable doubt
5  instruction impermissibly lessened the states' burden of proof; (3) the prosecutor engaged
6  in improper vouching; (4) a juror's knowledge of Petitioner's prior convictions resulted in
7  juror misconduct.  Petitioner filed a Reply (Exhibit PPP), asserting a double jeopardy claim.
8        On June 5, 2008, the PCR court dismissed the petition on the basis that Petitioner's
9  claims "were or could have been raised on appeal," and thus were precluded under Arizona
10 Rule of Criminal Procedure 32.2.  (Exhibit RRR, M.E. 6/5/08.)
11       Petitioner did not seek further review.  (Exhibit VVV, Docket; Petition, Doc. 1 at 5
12 (referencing "Third petition").)

## G.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Petition** - Petitioner commenced the current case by filing his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 on May 18, 2009 (Doc.1).  Petitioner's Petition asserts four grounds for relief::

1.  In Count I, Petitioner argues that under Double Jeopardy his implicit acquittal of armed robbery barred his prosecution for felony murder predicated on the armed robbery.  (*Id.* at 6.)

2.  In Count II, Petitioner argues that armed robbery is the "same offense" as felony murder predicated on armed robbery. (*Id.* at 7.)

3.  In Ground III, Petitioner argues that his conviction of the lesser included offense of theft terminated his jeopardy on armed robbery.  (*Id.* at 8.)

4.  In Ground IV, liberally construed, Petitioner argues that his conviction of felony murder was a collateral estoppel violation because the conviction on the lesser included offense of theft was an acquittal.

The first three Grounds combine to assert a claim based upon Double Jeopardy's claims

preclusion component.  Ground IV asserts a claim based upon Double Jeopardy's issue preclusion component.

**Response** - On October 5, 2009, Respondents filed their Response ("Answer") (Doc.13).  Respondents concede that the Petition is timely (*id.* at 14-16), and Petitioner's state remedies exhausted (*id.* at 18 n. 10), but argue that Petitioner waived his claim by pleading guilty (*id.* at 16-18).  Respondents further argue that the rejection of Petitioner's double jeopardy claims was not contrary to nor an unreasonable application of Federal law (*id.* at 18-28).

**Reply** - On November 19, 2009, Petitioner filed a Reply ("Traverse") (Doc. 19), arguing that his claim was not waived by his plea because he had raised the double jeopardy issue prior to the plea, *e.g.* in his Petition for Special Action.  He further argues that the Arizona Court of Appeals' decision on the issue was contrary to Federal law.

### III. APPLICATION OF LAW TO FACTS

**A.  WAIVER BY GUILTY PLEA**

**1.  Limits on Waiver By Plea**

Petitioner challenges on Double Jeopardy grounds his conviction for felony murder, to which he pled guilty.  Respondents counter that the guilty plea waived the Double Jeopardy defense.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack.

*U.S. v. Broce,* 488 U.S. 563, 569 (1989).  Here, Petitioner does not contend that his plea was not counseled and voluntary.  Thus, under the general rule, his guilty plea acts as a waiver barring his claim.

**Preservation of Defense** - Petitioner argues that because he raised his double

- 6 -

1  jeopardy claim prior to his guilty plea, the plea did not waive the claim. However, prior
2  presentation of the defense does not avoid the waiver. Rather, only a specific reservation of
3  the right to pursue the defense, as part of entry of the guilty plea, would preserve the defense.
4  *See e.g. U.S. v. Gonzalez-Mercaodo*, 402 F3d 294 (2005) (even though defendant "did raise
5  a challenge" ...he "failed to preserve the issue for review when he entered an unconditional
6  guilty plea"). However, Petitioner does not suggest that his right to assert his double
7  jeopardy claims was explicitly excepted, e.g. in the plea agreement, by entry of a conditional
8  plea, or the Court's acceptance of the plea. Nor does it appear that Arizona would permit
9  such a conditional plea. *See State v. Arnsberg*, 27 Ariz. App. 205, 207, 553 P.2d 238, 240
10 (Ariz. Ct. App. 1976) ("We hold, therefore, that when a defendant enters a plea of no contest
11 he waivers, as is true with respect to a guilty plea, all non-jurisdictional defenses preceding
12 the entry of the plea, and he may not by express stipulation or otherwise, reserve for appeal
13 non-jurisdictional defects under such a plea.").

14 **Absence of Affirmative Waiver** - Petitioner argues in his Reply that his plea did not
15 explicitly waive his double jeopardy defenses, and they are therefore not waived. (Reply,
16 Doc. 19 at 2.) Petitioner points to two cases to support his theory, neither of which are
17 convincing.

18 The first, *U.S. v. Mulloy*, 3 F.3d 1337 (9th Cir. 1993), involved a 1974 guilty plea in
19 which the defendant "was arraigned, pleaded guilty, and was sentenced for strong-arm
20 robbery all in one hearing on the same day," *id.* at 1340, and challenged its voluntariness
21 upon a lack of any advice of his right against self-incrimination. However, the validity of
22 a waiver by guilty plea of a defense does not depend upon notice to the defendant about the
23 defense. "Our decisions have not suggested that conscious waiver is necessary with respect
24 to each potential defense relinquished by a plea of guilty." *Broce*, 488 U.S. at 573. In
25 contrast, the voluntariness of a plea does depend upon an express record showing a
26 defendant's express waiver of "the privilege against compulsory self-incrimination ...the right
27 to trial by jury [and]...the right to confront one's accusers." *Boykin v. Alabama*, 395 U.S.
28 238, 243 (1969). Thus the absence of a record to show a waiver of the right against self-

1  incrimination rendered Mulloy's entire plea invalid.

2  The second, *McCloud v. Deppisch*, 409 F.3d 869 (7th Cir. 2005), simply noted that under Wisconsin law "a plea of guilty is not treated as a waiver of double jeopardy claims, unless the defendant has expressly waived his double jeopardy rights." *Id.* at 877, n.1 (citations omitted). Here, we are not concerned with Wisconsin law.

**<u>Exception for Some Double Jeopardy Claims</u>** - The *Broce* Court did recognize that "[t]here are exceptions where on the face of the record the court had no power to enter the conviction or impose the sentence." *Broce*, 488 U.S. at 569. One of those exceptions had been set out previously in *Menna v. New York*, where the Court held that "[w]here the State is precluded by the United States Constitution from haling a defendant into court on a charge, federal law requires that a conviction on that charge be set aside even if the conviction was entered pursuant to a counseled plea of guilty." 423 U.S. 61, 62 (1975). The Court went on to explain in a footnote:

> A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established. Here, however, the claim is that the State may not convict petitioner no matter how validly his factual guilt is established. The guilty plea, therefore does not bar the claim. We do not hold that a double jeopardy claim may never be waived. We simply hold that a plea of guilty to a charge does not waive a claim that judged on its face the charge is one which the State may not constitutionally prosecute.

423 U.S. at 63.

Thus in *Broce*, where the charges were of two separate conspiracies, and the application of double jeopardy depended upon proofs beyond the indictments to establish a single conspiracy, the guilty plea waived the claim. 488 U.S. at 575.

Thus, the question here is whether, following Petitioner's acquittal of armed robbery, the felony murder charge was "on its face . . . one which the State may not constitutionally prosecute." *Menna*, 423 U.S. at 63.

Respondents contend it was not. Petitioner contends it was.

To be sure, the indictment did not allege the prior jury determination, or that a double

jeopardy defense existed. But, the existence of a double jeopardy defense need not appear in the indictment (it would be rare for a prosecutor to make such allegations). Rather, the courts look to the "indictments and the existing record." *United States v. Broce*, 488 U.S. 563, 576 (1989). Thus, to resolve the applicability of the waiver, this Court must examine whether, without resort to facts beyond those alleged in the indictment and otherwise "of record" at the time of the plea, the prosecution was a violation of double jeopardy.[6]

### 2. Appearance of Double Jeopardy Violation

Double jeopardy embodies both an abuse component and a finality component. The former is concerned with protecting an individual from repeated exposure to prosecution, and the second to preserving the finality of judgments.[7] *Yeager v. U.S.*, - - - U.S. - - -, 129 S.Ct. 2360, 2365-2366 (2009). Plaintiff asserts claims under both protections.

#### a. Successive Prosecutions (Claims Preclusion)

Double jeopardy bars the prosecution from abuse by repeated bites at the apple. "The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty." *Green v. U.S.,* 355 U.S. 184, 187-188 (1957). This component of the protections of the Double Jeopardy clause is commonly referred to as "claims preclusion."

---

[6] In addressing the waiver issue, the undersigned looks, in part, to the rationale of the Arizona Court of Appeals in rejecting Petitioner's double jeopardy claim. The undersigned does not do so to ascertain the correctness of that decision, but as indicative of the state laws at play, and the arguments asserted by Respondents. Because this discussion on waiver is not intended to finally resolve the merits of the constitutional claim, nor Petitioner's entitlement to relief, none of the limitations of 28 U.S.C. § 2254 on habeas relief are applied.

[7] Double Jeopardy also entails a component precluding multiple punishments for the same offense. *See e.g. Missouri v. Hunter*, 459 U.S. 359, 366 (1983). That component is not at issue in this case.

1    Petitioner argues that armed robbery and felony murder with armed robbery as a the
2    predicate offense are the "same offense", and that jeopardy on the charge of armed robbery
3    terminated when the jury implicitly acquitted Petitioner of armed robbery by convicting him
4    of the lesser included offense of theft.  Thus, Petitioner argues, the prosecution's claim of
5    felony murder was precluded by his acquittal of armed robbery.

6    **<u>Same Offense</u>** - As the Arizona Court of Appeals pointed out, although felony murder
7    during an armed robbery and armed robbery are two different offenses, they are for Double
8    Jeopardy purposes the "same offense" because all of the elements of the underlying felony
9    are included in the felony murder. *Lemke v. Rayes*, 213 Ariz. 232, 238-239, 141 P.3d 407,
10   413-414  (App. 2006). "The applicable rule is that, where the same act or transaction
11   constitutes a violation of two distinct statutory provisions, the test to be applied to determine
12   whether there are two offenses or only one, is whether each provision requires proof of a fact
13   which the other does not."  *Blockburger v. United States*, 284 U.S. 299, 304  (1932).
14   Respondents do not contend that the offenses were not the same.

15   Indeed, the armed robbery was a constituent element of the felony murder to which
16   Plaintiff pled guilty. Petitioner pled guilty to and was convicted of violating Ariz. Rev. Stat.
17   § 13-1105. (Exhibit DDD, Plea Agreement; Exhibit HHH, Sentence 10/5/07.)  That statute
18   defines several instances of first degree murder, including felony murder. The felony murder
19   definition is limited to deaths caused in the course of specifically enumerated felony
20   violations.  Ariz. Rev. Stat. § 13-1105(a)(2).  One of those identified is armed robbery
21   pursuant to Ariz. Rev. Stat. §§ 13-1902, -1903 or -1904.  It was armed robbery upon which
22   the Indictment's charge was founded. (Exhibit A, Indictment at 1-2.) It was the same charge
23   on which the jury failed to convict Petitioner, instead finding him guilty of the lesser
24   included offense of theft, pursuant to Ariz. Rev. Stat. §§ 13-1801 and -1802. (Exhibit DD,
25   Sentence 10/26/05.) *See Green v. U.S.*, 355 U.S. 184 (1957) (jeopardy attached to acquittal
26   on first degree murder by conviction on second degree murder). *See also Lemke v. Rayes*,
27   213 Ariz. 232, 237-238, 141 P.3d 407, 412-413 (App. 2006) ( Petitioner's special action
28   case, discussing effect of conviction of lesser included offense as implied acquittal on greater

- 10 -

offense). In contrast, theft (of which Petitioner was convicted) is not identified in § 13-1105(a)(2) as a basis for a felony murder conviction.

Therefore, the undersigned concludes that the armed robbery and the felony murder charges were the "same offense" for purposes of applying claims preclusion.

**<u>Implicit Acquittal</u>** - Practically speaking, the jury did not return a verdict on the armed robbery count. However, the U.S. Supreme Court "has consistently refused to rule that jeopardy for an offense continues after an acquittal, whether that acquittal is express or implied by a conviction on a lesser included offense when the jury was given a full opportunity to return a verdict on the greater charge." *Price v. Georgia*, 398 U.S. 323, 329 (1970). Thus, Petitioner's conviction on the lesser included charge of theft functions as an acquittal on the armed robbery charge.

**<u>Preclusive of Effect of Acquittal in Continuing Prosecution</u>** - Nonetheless, despite the fact that the armed robbery and the felony murder were the "same offense" and the fact that Petitioner had been acquitted of the armed robbery, the prosecution was not barred from continuing to prosecute the felony murder following a hung jury.

Under the law of this circuit, despite the fact that related offenses may be the "same offense," termination of jeopardy on one of the offenses does not (under claims preclusion) preclude continued prosecution on the other offense within the same prosecution following a hung jury..

In *United States v. Jose*, the Ninth Circuit held that where a defendant "was charged with related greater and lesser included offenses, jeopardy terminated as to one of the offenses upon final conviction or acquittal, and continued as to the other offense upon retrial... retrial of the defendant on the [mistried] offense does not violate the Double Jeopardy Clause notwithstanding that jeopardy has terminated on, what is for double jeopardy purposes, the 'same' offense-its greater or lesser included concomitant." 425 F.3d

1237, 1243 (9th Cir. 2005) (citing *Forsberg v. United States*, 351 F.2d 242 (9th Cir.1965)).[8] "And this is true even though the greater and lesser offenses are the 'same offense' for purposes of double jeopardy." *Id.*

Similarly, in the recent opinion in *Yeager v. U.S.*, the petitioner had been charged with securities and wire fraud and related conspiracies, insider trading and money laundering. 129 S.Ct. 2360 (2009). The jury acquitted on the fraud counts, but hung on the insider trading and money laundering counts. The Government then sought a new superseding indictment on the insider trading counts. The petitioner sought to dismiss on double jeopardy grounds, arguing that the issue preclusion component of the double jeopardy clause barred a second trial on the insider trading charges which would necessarily require proof of insider knowledge that had been rejected as part of the acquittal on the fraud counts. Before addressing issue preclusion, the Court noted that the principles of claims preclusion did not apply in the context of a single trial resulting in decision on some counts and a hung jury on related counts.

> While the case before us involves a mistrial on the insider trading counts, the question presented cannot be resolved by asking whether the Government should be given one complete opportunity to convict petitioner on those charges. Rather, the case turns on the second interest at the core of the Clause. We must determine whether the interest in preserving the finality of the jury's judgment on the fraud counts, including the jury's finding that petitioner did not possess insider information, bars a retrial on the insider trading counts. This requires us to look beyond the Clause's prohibition on being put in jeopardy "twice"; the jury's acquittals unquestionably terminated petitioner's jeopardy with respect to the issues finally decided in those counts. The proper question, under the Clause's text, is whether it is appropriate to treat the insider trading charges as the "same offence" as the fraud charges.

*Yeager*, 129 S. Ct. at 2366.

Here, as in *Jose*, Petitioner was implicitly acquitted of the lesser related offense of armed robbery, by the jury's conviction of its lesser included offense of theft, and the jury's

---

[8] Although *Jose* involved a retrial following direct appeal, the Ninth Circuit noted that "jeopardy continues on remand-and there is accordingly no double jeopardy violation-whether the retrial is precipitated by a hung jury or a defendant's successful reversal of conviction." *Jose*, 425 F.3d at 1244.

- 12 -

silence as to the armed robbery. However, as in *Jose*, the same jury explicitly hung on the issue of Petitioner's guilt of the greater offense of felony murder with armed robbery as the predicate offense.[9] Thus, despite the implicit acquittal, claims preclusion did not prevent the prosecution for retrying Petitioner on the felony murder.[10]

Thus, the undersigned must conclude that, following Petitioner's acquittal of armed robbery, the felony murder charge was not "on its face...one which the State may not constitutionally prosecute," *Menna*, 423 U.S. at 63, at least under the claims preclusion protections of the Double Jeopardy Clause.[11]

### b. Collateral Estoppel (Issue Preclusion) -

Petitioner also argues that his conviction for felony murder is barred by the collateral estoppel effect of his implied acquittal on armed robbery. The "Double Jeopardy Clause incorporates the doctrine of collateral estoppel . . . or, in modern usage, issue preclusion, [which] 'means simply that when an issue of ultimate fact has once been determined by a

---

[9] Although *Jose* is couched in terms of greater and lesser included offenses, as noted by Petitioner (Reply, Doc. 19 at 11), the courts have treated felony murder and the predicate felony "as a species of lesser-included offense." Illinois v. Vitale, 447 U.S. 410, 420 (1980).

[10] Petitioner's situation is logically no different from one where a defendant is explicitly acquitted on a lesser included offense, but the jury hangs on the greater. In such a situation, the prosecution could, under *Jose*, retry the defendant on the greater offense.

[11] The Arizona Court of Appeals couched its rejection of Petitioner's claims preclusion argument, at least in part, in terms of the absence of a termination of jeopardy on the felony murder charge. The undersigned does not understand *Jose* to be based upon such a determination. In the jurisprudence of claims preclusion, it is irrelevant whether jeopardy has attached or terminated on the specific charge being prosecuted (in this case felony murder). Rather, it is the termination of jeopardy on the constitutionally "same offense" (in this case the armed robbery) which precludes the new prosecution. Rather, *Jose* appears to flow from concepts upon which Respondents found some of their various arguments, e.g. the permissibility of inconsistent verdicts, and the prosecution's right to at least have one full bite at the apple as long as they have attempted to do so in a single prosecution. *See Jose*, 425 F.3d at 1247 (directing that its reasoning should not be applied where the prosecution "fail[s] to try the lesser and greater included offenses together in one trial"). Regardless of its rationale, *Jose* is binding upon this Court.

valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" *Schiro v. Farley,* 510 U.S. 222, 232 (1994) (quoting *Ashe v. Swenson,* 397 U.S. 436, , 443 (1970)).  "Collateral estoppel need not apply to a whole count but instead can control a single element of a count or a trial." *U.S. v. DeVincent,* 632 F.2d 155, 160 (1st Cir. 1980).  Indeed, the *Yeager* Court reasoned that it is the concept of collateral estoppel which must control Double Jeopardy determinations arising from the interplay between various counts within the same prosecution.

However, the party seeking to preclude relitigation of an issue bears the burden of proving "that the issue whose relitigation he seeks to foreclose was actually decided in his favor" in the first proceeding. *Schiro*, 510 U.S. at 236.  To resolve the matter, the Court must "examine the record of a prior proceeding taking into account the pleadings, evidence, charge, and other relevant matter." *Schiro*, 510 U.S. at 233.  However, "the consideration of hung counts has no place in the issue-preclusion analysis." *Yeager*, 129 S. Ct. at 2368.

Petitioner argues that he was convicted of the lesser included offense of theft and that amounts to an acquittal, and hence a final judgment, on his commission of the greater crime of armed robbery. The Arizona Court of Appeals rejected this claim because, they reasoned, the conviction on the lesser included offense of theft was insufficient, for purposes of collateral estoppel (or issue preclusion), to establish an acquittal for armed robbery.

Indeed, in *Schiro v. Farley*, the Supreme Court held that "[t]he failure to return a verdict does not have collateral estoppel effect, however, unless the record establishes that the issue was actually and necessarily decided in the defendant's favor." 510 U.S. 222, 236 (1994). Thus, the normal Double Jeopardy rule, adopted in *Green v. United States*, 355 U.S. 184, 190-191 (1957) and *Price v. Georgia*, 398 U.S. 323, 329 (1970), that treated the jury's simple silence on the greater offense as an acquittal, has no application in the context of applying collateral estoppel. *Schiro*, 510 U.S. at 236.

Certainly, to the untrained, this can seem logically inconsistent: to treat conviction of the lesser offense as acquittal in one context, but not in another. However, the policies at play in the different components of Double Jeopardy mandate such an approach.

- 14 -

> Collateral estoppel does not have the surgical precision found in double jeopardy, for its basics are founded in equity and therefore command some flexibility. Collateral estoppel need not be composite or synoptic in application, but instead can apply to a single element of a trial.
>
> Since collateral estoppel can apply to a phase, an issue of fact, or congeries of fact with respect to a second trial, to determine its applicability to this multicount, multi-issued criminal trial, we must examine the many parts, while we keep in view the whole. The intelligent application of collateral estoppel requires that we atomize the charges; we must examine the various counts, the testimony, the jury's verdict. Each requires a parsing in comparison with the other in order to come to a conclusion whether or not collateral estoppel is applicable to one or more of the issues which are to be covered in the second trial.

*United States v. Larkin*, 605 F.2d 1360, 1369 (5th Cir. 1979) opinion withdrawn in part on reh'g, 611 F.2d 585 (5th Cir. 1980).

Thus, to be entitled to collaterally estop the prosecution based upon the prior trial, Petitioner was and is required to go beyond the mere happenstance of his conviction for theft, and affirmatively show that the jury found he had not committed an armed robbery. Petitioner offers nothing to meet this burden.

For example, Petitioner does not suggest that his conviction for theft would be logically inconsistent with a conviction for armed robbery. Arguably, as lesser and greater offenses, the jury could have returned guilty verdicts as to both.[12]  Nor does Petitioner suggest that there were various theories of the case argued which would suggest that the jury must have chosen one which would mean they could not have found an armed robbery. To the contrary, the arguments presented by the defense to the jury presented no distinction between the charges, apart from an admission that Petitioner participated in the theft. (Exhibit V, R.T. 9/8/05 at 80.)  Petitioner testified that his only involvement with the theft was to help his co-defendant sell the property she said was stolen and a pistol, and that he had no other involvement with or knowledge of the victim or his death until long afterward. (Exhibit U, R.T. 9/7/05 at 38-40; 54-59.)

---

[12] In which case, the court would have been required to "enter a final judgment of conviction on the greater offense and vacate the conviction on the lesser offense." *Jose*, 425 F.3d at 1247.

1    Perhaps Petitioner might argue that the jury accepted his version of the facts and thus
2 only  convicted him of the theft he had admitted committing.  However, as noted by the
3 Arizona Court of Appeals, the trial court's instructions permitted a conviction on the theft
4 count if the jury simply hung on the issue of guilt on the armed robbery, a so-called "*LeBlanc*
5 instruction." (Exhibit SS, Spec. Act. Dec. 8/15/06 at 4 (citing *State v. LeBlanc*, 186 Aruiz.
6 437, 438, 924 P.2d 441, 442 (1996).)  Thus, it is just as possible that, rather than finding
7 Petitioner not guilty of armed robbery, the jury could have simply failed to reach a decision
8 on that charge.

9    Based upon the statutory offenses, jury instructions, evidence at trial, and arguments,
10 the undersigned finds that the jury's verdict of guilty on the theft counts could have been
11 grounded on something other than a finding of Petitioner's innocence of armed robbery. *See*
12 *Schiro*, 510 U.S. at 233 (outlining matters to be considered in determining jury's findings).

13    Therefore, the undersigned finds that Petitioner has failed to affirmatively show an
14 acquittal on the armed robbery count, or a jury finding on any other fact inconsistent with his
15 conviction on the felony murder charge.  Accordingly, the undersigned must conclude that
16 the felony murder charge was not "on its face ...one which the State may not constitutionally
17 prosecute," *Menna*, 423 U.S. at 63, under the issue preclusion protections of the Double
18 Jeopardy Clause.

19

20 **3.  Conclusion Regarding Waiver**

21    Petitioner has failed to show the felony murder charge was "on its face . . . one which
22 the State may not constitutionally prosecute," *Menna*, 423 U.S. at 63, whether under the
23 claims preclusion or the issue preclusion components of the Double Jeopardy Clause.
24 Consequently, Petitioner's guilty plea waived his double jeopardy claim, and he many not
25 rely upon it to avoid the effect of his plea and resulting conviction.  Therefore, Petitioner's
26 petition is without merit and must be denied.

27 / /

28 / /

- 16 -

**B. MERITS OF DOUBLE JEOPARDY CLAIMS**

Even if this Court could somehow conclude that Petitioner had not waived his right to raise his double jeopardy claims, the undersigned would conclude, for the reasons discussed herein above, that the claims are without merit and thus the Petition should be denied.[13]

### IV. CERTIFICATE OF APPEALABILITY

**Ruling Required** - Rule 11(a), Rules Governing Section 2254 Cases, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1).

Here, the Petition is brought pursuant to 28 U.S.C. § 2254, and challenges detention pursuant to a State court judgment.  The recommendations if accepted will result in Petitioner's Petition being  resolved adversely to Petitioner.  Accordingly, a decision on a certificate of appealability is required.

**Applicable Standards** - The standard for issuing a certificate of appealability ("COA") is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable

---

[13] Because the undersigned concludes that the claims are without merit, the limitations on habeas relief (e.g. "contrary to or unreasonable application of") in 28 U.S.C. § 2254 need not be addressed.

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

**Standard Not Met** - Assuming the recommendations herein are followed in the district court's judgment, that decision will be on procedural grounds (e.g. waiver). The undersigned does not find the procedural determination to be debatable.

Moreover, a debate over the procedural ruling is insufficient to justify a certificate of appealability. Rather, a valid claim of the denial of a constitutional right must also be shown. *Slack*, 529 U.S. at 484. Under the reasoning set forth herein, the underlying constitutional claims are plainly without merit. Accordingly, regardless of whether the matter is disposed of on procedural grounds or the merits, the certificate of appealability should be denied.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed May 18, 2009 (Doc. 1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability be **DENIED**.

## VI. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de*

1  *novo* consideration of the issues,  *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*),  and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: October 7, 2010           _____
                                                         JAY R. IRWIN
                                             United States Magistrate Judge

S:\Drafts\OutBox\09-1059-001r RR 10 07 26 re HC Working Copy.wpd