**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert D. Lemke,<br><br>                Petitioner,<br><br>vs.<br><br>Charles L. Ryan, Director of the Arizona Department of Corrections; and the Attorney General of the State of Arizona,<br><br>                Respondents. | No. CV-09-1059-PHX-DGC<br><br>**ORDER** |

      The victim in this case was robbed and shot to death at a hotel in Tempe, Arizona. Petitioner Robert Lemke was indicted on charges of first degree felony murder, armed robbery, and conspiracy to commit armed robbery. A state court jury convicted on the lesser included offenses of theft and conspiracy to commit theft, but was unable to reach a verdict on the murder charge. Petitioner received concurrent 25 and 27-year sentences. The Arizona Court of Appeals denied Petitioner's double jeopardy challenge to a retrial on the murder charge, *Lemke v. Rayes*, 141 P.3d 407 (Ariz. Ct. App. 2007), and the Arizona Supreme Court denied review. Plaintiff thereafter pled guilty to the murder charge in exchange for a concurrent life sentence with the possibility of parole after 25 years.

On May 18, 2009, Petitioner filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. Magistrate Judge Jay R. Irwin has filed a report and recommendation ("R&R") that the petition be denied. Doc. 20. Petitioner has filed objections (Doc. 23), to which a response has been filed (Doc. 28). For reasons stated below, the Court will accept the R&R and deny the petition.

**I.     Legal Standard.**

A party may file specific, written objections to an R&R within ten days after being served with a copy the R&R. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The Court must undertake a de novo review of those portions of the R&R to which specific objections are made. *See id.*; *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1).

**II.    Discussion.**

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be twice put in jeopardy of life or limb" for the same offense. This constitutional protection against double jeopardy encompasses principles of res judicata and collateral estoppel, commonly referred to, respectively, as claim preclusion and issue preclusion. *See Blockburger v. United States*, 284 U.S. 299 (1932) (claim preclusion); *Ashe v. Swenson*, 397 U.S. 436 (1970) (issue preclusion). Where separate prosecutions are for the "same offense," that is, neither offense requires proof of a fact which the other does not, the claim preclusion component of the Double Jeopardy Clause bars the successive prosecution. *Blockburger*, 284 U.S. at 304. Where a jury by its verdict has finally determined an issue of ultimate fact, the issue preclusion component of the Double Jeopardy Clause bars the State from haling the defendant "before a new jury to litigate that issue again." *Ashe*, 397 U.S. at 446.

The instant habeas petition asserts four grounds for relief. Doc. 1. The first three

combine to assert a claim based on the claim preclusion component of double jeopardy. Petitioner argues that his conviction on the lesser included offense of theft constitutes an implicit acquittal of armed robbery, that armed robbery is the same offense as felony murder predicated on armed robbery, and that his conviction for theft therefore terminated jeopardy on the felony murder charge. Doc. 1 at 6-8. The fourth ground for relief raises the issue preclusion component of double jeopardy, that is, Petitioner argues that the jury's silence as to felony murder while convicting on the lesser included offense of theft constitutes a valid and final judgment in his favor on the felony murder charge. *Id.* at 9.

By pleading guilty to the charge of felony murder, the Magistrate Judge concluded, Petitioner has waived his double jeopardy claims. Doc. 20 at 6-16. The Court agrees.

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollet v. Henderson*, 411 U.S. 258, 267 (1973). It is "well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" *United States v. Broce*, 488 U.S. 563, 574 (1989) (citation omitted).

Petitioner entered a counseled, knowing, and voluntary plea of guilty on the charge of felony murder. The right to collaterally attack that charge on double jeopardy grounds was not explicitly reserved in the plea agreement. Nor is conscious waiver necessary with respect to each potential defense relinquished by a guilty plea. This is so because waiver "derives not from any inquiry into a defendant's subjective understanding of the range of potential defenses, but from the admissions necessarily made upon entry of a voluntary plea of guilty." *Broce*, 488 U.S. at 573-74. Petitioner has therefore

waived his double jeopardy claims absent some valid exception to the waiver doctrine.

Petitioner asserts that this case fits within the exception set forth in *Menna v. New York*, 423 U.S. 61 (1975).  Docs. 19 at 2, 23 at 2.  He is incorrect.

The double jeopardy claim in *Menna* was a "strong one on the merits" given that the defendant had served jail time on a contempt charge for refusing to give testimony before a grand jury and later was indicted for the same refusal to answer grand jury questions.  432 U.S. at 61-62 & n.2.  *Menna* explicitly did *not* hold that a double jeopardy claim may never be waived.  *Id.* at 63 n.2.  Instead, the case stands only for the proposition that "a plea of guilty to a charge does not waive a claim that *judged on its face* the charge is one which the State may not constitutionally prosecute."  *Id.* (emphasis added).  The double jeopardy claim in *Menna* was deemed not waived because the indictment to which the defendant pled guilty "was facially duplicative of the earlier offense of which the defendant had been convicted and sentenced so that the admissions made by [the] guilty plea could not conceivably be construed to extend beyond a redundant confession to the earlier offense."  *Broce*, 488 U.S. at 575-76.  Petitioner, by contrast, was not convicted and sentenced for felony murder before pleading guilty to that charge.  His double jeopardy claim, therefore, does not fall within the narrow *Menna* exception.  *See id.* at 576 (exception inapplicable where the defendants "pleaded guilty to indictments that on their face described separate conspiracies").

In deciding whether the *Menna* exception applies, the Magistrate Judge essentially resolved the merits of Petitioner's double jeopardy claims.  The Court finds that analysis unnecessary to the waiver issue.  The jury did not convict Petitioner on the charge of felony murder, nor did it explicitly acquit him of that charge.  On its face, the felony murder charge is not clearly "one which the State may not constitutionally prosecute." *Menna*, 423 U.S. at 63.

Even if the Court were to find that Petitioner has not waived his double jeopardy claims, habeas relief would still be denied as the claims are without merit.   Jeopardy

- 4 -

does not terminate, but rather continues, following a mistrial justified by a hung jury. *See United States v. Bates*, 917 F.2d 388, 392-93 (9th Cir. 1990) (citing *United States v. Perez*, 22 U.S. (Wheat. 9) 579, 580, 6 L. Ed. 165 (1824)). Indeed, "a jury's inability to reach a decision is the kind of 'manifest necessity' that permits the declaration of a mistrial and the continuation of the initial jeopardy that commenced when the jury was first impaneled." *Yeager v. United States*, 129 S. Ct. 2360, 2366 (2009) (citations omitted). This Circuit has specifically held that where a defendant is tried on greater and lesser included offenses under the same indictment, and jeopardy terminates on the lesser offense by acquittal or conviction but continues as to the greater offense pursuant to a mistrial, "the government is not barred from retrying the defendant, notwithstanding that jeopardy has terminated on the [lesser] offense." *United States v. Jose*, 425 F.3d 1237, 1243 (9th Cir. 2005). "And this is true even though the greater and lesser offenses are the 'same offense' for purposes of double jeopardy." *Id.* at 1243-44. Petitioner's first three grounds for relief based on the claim preclusion component of double jeopardy must fail.

With respect to the issue preclusion component of double jeopardy, neither a conviction on a lesser included offense, nor the jury's silence on a greater charge has collateral estoppel effect "unless the record establishes that the issue was actually and necessarily decided in the defendant's favor." *Schiro v. Farley*, 510 U.S. 222, 236 (1994). "The burden is 'on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding.'" *Id.* at 233 (citation omitted). The Magistrate Judge concludes, correctly, that Petitioner has not met his burden.

Petitioner presents no evidence that the jury actually decided that he did not commit armed robbery. The trial court's instructions explicitly permitted a conviction on the lesser included offense of theft if the jury could not agree on the armed robbery charge. *See Lemke v. Rayes*, 141 P.3d 407, 410 (Ariz. Ct. App. 2007) (discussing the so-called "*LeBlanc* instruction"). In light of that instruction, and absent some evidence to

the contrary, the Court is bound to conclude that "the jury could have 'grounded its verdict upon an issue other than that which [Petitioner] seeks to foreclose from consideration.'" *Schiro*, 510 U.S. at 236 (quoting *Ashe*, 397 U.S. at 444). Petitioner's fourth ground for relief based on the claim preclusion component of double jeopardy is without merit.

Nothing in Petitioner's objections (Doc. 23) undermines the reasoning of the Magistrate Judge or the conclusions reached in this order, that is, that Petitioner has waived his double jeopardy claims and those claims otherwise are without merit. The petition for habeas relief will be denied.

The Court has considered whether a certificate of appealability should issue under 28 U.S.C. § 2253(c), and concludes that it should not. Petitioner has not shown that "jurists of reason" would find it debatable whether the Court is correct in its procedural (waiver) ruling. Nor has Petitioner made a substantial showing of the denial of a constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS ORDERED:**

1. The Magistrate Judge's report and recommendation (Doc. 20) is **accepted** as set forth in this order.

2. Petitioner Robert Lemke's petition for a writ of habeas corpus (Doc. 1) is **denied**.

3. A certificate of appealability is **denied**.

4. The Clerk is directed to enter judgment accordingly.

Dated this 15th day of March, 2011.

David G. Campbell
United States District Judge

- 6 -